B. R. MOORE v. W. P. ROBERTS, Auditor.

*Solicitors—Salaries and Fees.*

The solicitor of the criminal court of New Hanover county has no claim upon the state for such compensation as is allowed the district solicitors under Bat. Rev., ch. 105, § 13. The act establishing said court puts the burden of sustaining the same upon the county.

APPLICATION for *mandamus,* heard at Fall Term, 1881, of NEW HANOVER Superior Court, before *Shipp, J.*

Under the act of 1876-'7, ch. 242, establishing the criminal court of New Hanover county, the plaintiff was elected solicitor of that court, and entered upon the duties of his office at the first term, held in April, 1877, and has since continued in the discharge of such duties.

In his complaint he alleges that as such solicitor he is entitled to receive from the state treasury the sum of twenty dollars for his attendance upon the court at its said April term, and that with a view to receive the same he has procured the certificate of the clerk as to such attendance, and filed it with the defendant, who is the state's auditor, and requested of him that he should audit the claim and issue a warrant therefor upon the treasurer of the state, which however he refuses to do, and therefore it is he prays for a *mandamus.*

The defendant demurs to the complaint upon the ground that the plaintiff is entitled to no such compensation from the state for his services as solicitor under the provisions of said act or any other law of the state, and judge sustained the demurrer, and thereupon the plaintiff appealed.

No counsel in this court for plaintiff.
*Attorney General* for the defendant.

RUFFIN, J. The terms of the statute referred to leave no room to doubt the correctness of His Honor's ruling with reference to the plaintiff's demand. The ninth section, after providing for the election of a solicitor to prosecute in behalf of the state in said court, declares that he shall "receive the *same fees* as are now allowed by law to the solicitors of the several judicial circuits, and in addition thereto shall be paid an annual salary of five hundred dollars to be paid quarterly by the county treasurer of the county of New Hanover, upon the certificate of the clerk," &c. The provision made by law for the compensation of the several district solicitors is,—

1. Twenty dollars for each term of the superior court they may attend, to be paid by the public treasurer of the state upon the presentation of the proper certificate; and,

2. "In addition to the above *general compensation,*" certain

MOORE *v.* ROBERTS.

*fees* to be taxed in the costs against the party convicted. See Bat. Rev., ch. 105, § 13, and acts of 1873–'4, ch. 170.

The line therefore between the *general compensation* of the district solicitors which they are to receive from the state, and the *fees* which they are entitled to have taxed against the convicted offenders, is distinctly drawn, and a law which confers upon the plaintiff the right to receive the latter only, cannot by any legitimate rule of construction be so interpreted as to include the former.

Besides this, from the tenor of the whole act of 1876–'7, it is perfectly manifest that the legislature intended that no part of the expense of maintaining the criminal court of New Hanover county should fall upon the state treasury, but that the whole burden should rest upon the treasury of the county, except so far as it might be relieved by the fees paid by the individuals for services rendered; and this intention extended alike to the compensation provided for the sheriff, the clerk, the judge and the solicitor.

As written, the statute provided for the court in question two sorts of remuneration for his services, and two sources from which it should be drawn, and no more—a salary of five hundred dollars, to be paid from the county treasury, and fees to be paid by the defendants on the docket whom he might convict; and because the legislature, afterwards, by the act of 1879, ch. 330, saw fit to take away the salaried portion of his compensation, and leave him entirely dependant upon the fees collected in the costs, it cannot have the effect to change the construction of the original act, so as to confer upon the plaintiff a claim upon the state, and hence it is, that the judgment in the court below, sustaining the demurrer of the defendant, is correct and must be affirmed.

No error.                      Affirmed.